DECISION. *Page 2 
 {¶ 1} Defendant-appellant Montori Lipscomb was convicted in a trial to the court of tampering with evidence, a violation of R.C. 2921.12(A)(1), possession of cocaine, a violation of R.C. 2925.11, and trafficking in cocaine, a violation of R.C. 2925.03(A)(2). The tampering-with-evidence and possession-of-cocaine convictions both involved felonies of the third degree. The trafficking-in-cocaine conviction involved a felony of the second degree. He was sentenced to a total of seven years of incarceration.
 {¶ 2} Lipscomb has appealed. His only assignment of error alleges that his convictions were based upon insufficient evidence.
 {¶ 3} The trial court heard the testimony of two witnesses, Cincinnati Police Officers Jacob Wloszek and Charles F. Knapp III. They stated that on April 1, 2005, around 7:40 PM, they were on routine patrol in a marked police vehicle. They observed Lipscomb leaning into a vehicle while standing in the middle of Baymiller Street. As they approached Lipscomb, someone yelled out "boys," which is a street term warning of police in the area.
 {¶ 4} Lipscomb immediately moved away from the vehicle, and the vehicle left the scene rapidly. He turned from the approaching police officers and walked away. The officers approached Lipscomb, and he told the officers that he was not doing anything while handing them his identification.
 {¶ 5} Lipscomb then proceeded to back away and was told to stop. He then threw an object behind his back, which landed on the ground a short distance away. The object was a black pouch. *Page 3 
 {¶ 6} Based on the observations of the police, Lipscomb was placed under arrest. During the arrest, Lipscomb yelled, "Whatever you are going to pick up is not mine."
 {¶ 7} The police officers immediately recovered the black pouch. An examination of the pouch revealed over seven grams of crack cocaine. During Lipscomb's arrest, the officers found $129 of United States currency in small denominations on his person.
 {¶ 8} Lipscomb argues that the evidence adduced at trial was insufficient to support his convictions. We find no merit in this argument.
 {¶ 9} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether that evidence, if believed, would have convinced the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[1]
 {¶ 10} The state was required to prove that Lipscomb had tampered with evidence, possessed drugs, and trafficked in drugs (prepared drugs for distribution). Tampering with evidence is defined in this manner: "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following: Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]"[2] *Page 4 
 {¶ 11} Lipscomb was observed by police officers throwing contraband, a black pouch containing crack cocaine, to the ground. The evidence showed that Lipscomb threw the black pouch away from the police officers to avoid being caught with the illegal contraband. If successful in this effort, Lipscomb would have thwarted justice.
 {¶ 12} Possession of crack cocaine is defined as follows: "No person shall knowingly obtain, possess or use a controlled substance." The indictment alleged that the amount of crack cocaine equaled or exceeded five grams but was less than ten grams.[3] "'Possession' or 'possess' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."[4]
 {¶ 13} Lipscomb was observed by two Cincinnati police officers involved in what appeared to be a drug transaction. Shortly thereafter, he threw to the ground a black pouch that contained over seven grams of crack cocaine. Lipscomb told the police that whatever they might find in the black pouch was not his.
 {¶ 14} Clearly, Lipscomb had possession of the contents of the black pouch as he intentionally threw it to a position not far from his person. Being able to throw the pouch constituted possession of the pouch and its contents.
 {¶ 15} The indictment further alleged that Lipscomb was trafficking in drugs in violation of R.C. 2925.03(A)(2). Trafficking in drugs under this subdivision is defined in these terms: "No person shall knowingly do any of the following: Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a *Page 5 
controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 16} The record contains ample evidence to support a finding that Lipscomb had trafficked in drugs under subdivision (A)(2). Lipscomb was observed in a "high drug area" engaging in actions tantamount to a hand-to-hand drug transaction. The black pouch recovered after he had thrown it to the ground contained two cellophane baggies of crack cocaine. One baggie was smaller than the other, and it was "tied off for sale according to Officer Wloszek. The other baggie was larger and contained the bulk of the crack cocaine.
 {¶ 17} A search of Lipscomb's person yielded $129 in small denominations. In a post-arrest statement, Lipscomb indicated that the money had been given to him, that he was not employed, and that he did not personally indulge in the use of crack cocaine.
 {¶ 18} Thus, the evidence sufficiently showed that on April 1, 2005, Lipscomb was involved in trafficking in crack cocaine.
 {¶ 19} The record contains sufficient evidence to support Lipscomb's convictions on all three counts of the indictment. His assignment of error is, accordingly, overruled, and the trial court's judgment is affirmed.
Judgment affirmed.
SUNDERMANN, P.J., and HENDON, J., concur.
[1] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] R.C. 2921.12(A)(1).
[3] R.C. 2925.11(A).
[4] R.C. 2925.01(K). *Page 1